IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02602-PAB-MEH

BRUCE ERVIN,

    Plaintiff,

v.

WILSON, D.C.,
KELLER, Health Services Adm., P.A., and
Five John/Jane Does,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 33] filed on April 16, 2013. The magistrate judge recommends that the Court grant the motion to dismiss [Docket No. 28] filed by defendant Keller and grant plaintiff Bruce Ervin leave to amend his complaint within thirty days of the Court's Order to cure the noted deficiencies. Docket No. 33 at 16. On April 25, 2013, defendant Keller filed timely objections to the Recommendation. Docket No. 36. The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[1] Fed. R. Civ. P.

---

[1] In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

The following facts are taken from plaintiff's complaint and, for the purpose of ruling on the motion to dismiss, taken as true. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff is a federal prisoner at the Federal Prison Camp ("FPC") in Florence, Colorado. Docket No. 1 at 2, ¶ 1. Defendant Keller is the Health Services Administrator at FPC Florence. Docket No. 1 at 2, ¶ 3. Plaintiff brought this case on October 1, 2012, alleging that defendant Keller violated his rights under the Eighth Amendment through deliberate indifference to plaintiff's serious medical problem, namely, his need for cataract surgery. Docket No. 1 at 3-4.

Defendant Keller moves to dismiss on the grounds that plaintiff's claim against him is barred by both sovereign immunity and qualified immunity and on the grounds that plaintiff failed to state a claim under the Eighth Amendment. Docket No. 28. The magistrate judge recommends that the Court find in favor of defendant Keller on each of his three arguments. Docket No. 33 at 16. The magistrate judge further recommends that plaintiff be permitted to amend his complaint. Docket No. 33 at 15.

Defendant Keller objects to the Recommendation on the ground that it would be futile to permit plaintiff to amend his complaint because plaintiff has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Docket No. 36 at 6-7. Plaintiff argues that defendant Keller

has waived this argument by failing to raise it before the magistrate judge.  Docket No. 38 at 1.

"In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."  *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *Williams v. McNeil*, 557 F.3d 1287, 1291-92 (11th Cir. 2009) (reviewing case law).

Defendant Keller did not raise the issue of plaintiff's alleged failure to exhaust his administrative remedies until he filed his objection to the Recommendation.  *Compare* Docket No. 28 *with* Docket No. 36.  Moreover, as plaintiff points out, *see* Docket No. 38 at 1, administrative exhaustion under the PLRA is not jurisdictional and is therefore subject to waiver.  *See* Fed. R. Civ. P. 12(h)(3); *Hoover v. West*, 93 F. App'x 177, 180 (10th Cir. 2004) ("We recently joined our sister circuits in finding that the PLRA exhaustion requirement, although mandatory, is not a prerequisite to our jurisdiction.") (citing *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1206 (10th Cir. 2003) (abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007))).  Accordingly, defendant Keller's argument that plaintiff failed to exhaust his administrative remedies pursuant to the PLRA will not be considered.  *See Garfinkle*, 261 F.3d at 1031.  However, the United States may argue a failure to exhaust administrative remedies in response to the amended complaint and plaintiff may argue waiver if he so chooses.

Neither party has objected to the recommendation that the Court grant defendant

Keller's motion to dismiss. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[2]  Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 33] is ACCEPTED. It is further

**ORDERED** that Defendant's Motion to Dismiss [Docket No. 28] filed by defendant Keller is GRANTED. It is further

---

[2] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

**ORDERED** that plaintiff Bruce Ervin shall have thirty days from the issuance of this Order to amend his complaint to address the deficiencies noted in the Recommendation.

DATED May 24, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge