IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02602-PAB-MEH

BRUCE ERVIN,

    Plaintiff,

v.

WILSON, D.C.,
HEALTH SERVICES ADMINISTRATOR KELLER,
LISA GREGORY, and
FIVE JOHN DOES,

    Defendants.

_____

**ORDER**
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge Michael E. Hegarty filed on March 24, 2014 [Docket No. 95] (the "Recommendation"). The magistrate judge recommends that the Court grant Defendant's Motion for Summary Judgment [Docket No. 88] filed by defendant Kellar and dismiss plaintiff Bruce Ervin's Eighth Amendment claim against him.[1]

    Plaintiff filed a timely objection to the Recommendation. Docket No. 97. The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by plaintiff. Fed. R. Civ. P. 72(b)(3). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any

---

[1] Defendant's name is spelled "Kellar" and not "Keller," as incorrectly listed in the caption. *See* Docket No. 88 at 1 n.1. Mr. Kellar's full name is Mark A. Kellar. Docket No. 88-2.

standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

Plaintiff is an inmate at the Federal Prison Camp ("FPC") in Florence, Colorado. Mr. Kellar is the Health Services Administrator ("HSA") at FPC Florence. Plaintiff asserts a claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Mr. Kellar, alleging that Mr. Kellar violated the Eighth Amendment by (1) failing to schedule or otherwise facilitate cataract surgery for plaintiff upon plaintiff's arrival at FPC Florence, even though plaintiff had been approved for the procedure while incarcerated at a Federal Bureau of Prisons ("BOP") facility in Texas; and (2) continuing plaintiff on a steroid medication for Chronic Pulmonary Obstructive Disorder ("COPD") that can cause or exacerbate cataracts. Docket No. 39 at 7-8. Further factual background is set forth in the Recommendation and will not be recited here. *See* Docket No. 95 at 5-12. Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of an order directing defendants to facilitate immediate cataract surgery.[2] Docket No. 39 at 14.

---

[2] A damages remedy is available under *Bivens* for Eighth Amendment violations. *See Wilkie v. Robbins*, 551 U.S. 537, 550 (2007) (citing *Carlson v. Green*, 446 U.S. 14 (1980)).

Liability under *Bivens* requires personal involvement on the part of a defendant. *Pahls v. Thomas*, 718 F.3d 1210, 1231 (10th Cir. 2013). "Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The magistrate judge found that plaintiff failed to raise a genuine dispute of material fact regarding Mr. Kellar's personal participation in the alleged violation because Mr. Kellar, as the HSA, did not have authority to approve, schedule, or otherwise facilitate plaintiff's cataract surgery absent approval from the Regional Medical Director. Docket No. 95 at 18-25. The magistrate judge found that the HSA's responsibilities are primarily administrative and do not extend to making medical decisions for a particular inmate. *See, e.g.*, Bureau of Prisons ("BOP") Program Statement 6010.02(7)(b) (Jan. 15, 2005) ("The HSA plans, implements, and directs all aspects of the [Health Services] department's administration, including: Supervision of administrative personnel; Procurement; Supply; Drug-free Workplace Program; Housekeeping; Sanitation; and Maintenance."); *compare id*. at § 6(b) (defining position of Medical Director as "responsible for all health care delivered by Bureau health care practitioners") and § 7(a) (defining position of Clinical Director as "responsible for oversight of the clinical care provided at the institution.").[3]

---

[3] The court may take judicial notice of the BOP's policies. *See Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984) (court may take judicial notice of agency rules and regulations); *Antonelli v. Ralston*, 609 F.2d 340, 341 n.1 (8th Cir. 1979) (taking judicial notice of BOP Program Statement).

The magistrate judge found that plaintiff could not be scheduled for cataract surgery without the approval of the Regional Medical Director. *See* Docket No. 88-1 at 18, Ophthalmology Guidance, Federal Bureau of Prisons, § 4 (Feb. 2008) ("The Regional Medical Director . . . must approve all *elective* ophthalmologic surgery, including surgery for cataracts . . .").

The magistrate judge also found that Mr. Kellar was acting in the capacity as a registered nurse when he initially screened plaintiff and thus did not have authority to refer plaintiff to an ophthalmologist. Docket No. 95 at 27; *see* Docket No. 88-1 at 14, Ophthalmology Guidance, Federal Bureau of Prisons, § 1 ("To receive an evaluation by an ophthalmologist, a referral must be made by an optometrist, a physician or mid-level practitioner."); BOP Program Statement 6010.02, § 7(d) (Mid-Level Practitioners "are graduate physician assistants . . ., nurse practitioners, and unlicensed medical graduates.").

Plaintiff objects to the Recommendation on the basis that Mr. Kellar did, in fact, have authority to schedule or facilitate cataract surgery. In support of this contention, plaintiff cites a BP-8 complaint form that he signed on September 13, 2012 and that was returned to plaintiff with the following statement: "Your eye surgery has previously been approved by the region. Health Services will get it scheduled. But it may take a while until they find a new doctor to do the surgeries." Docket No. 97 at 11. Plaintiff asserts that this statement was written by Mr. Kellar. Docket No. 97 at 5.

Even assuming that the statement was made by Mr. Kellar, which is unclear from the signature on the BP-8 form, this form is not sufficient to raise a genuine dispute of fact regarding Mr. Kellar's ability to facilitate the cataract surgery. The statement is

4

vague, indicating only that Health Services will schedule the procedure at some point in the future. Moreover, the statement does not alter the regulatory framework under which, notwithstanding a different region's approval for cataract surgery, (1) plaintiff had to be approved by the Regional Medical Director for this region and (2) only a physician or optometrist could refer plaintiff to an ophthalmologist. *See* Docket No. 88-3 at 12, 16 §§ 1, 4. That plaintiff has found this framework to be burdensome and irrational does not obligate Mr. Kellar to act beyond the scope of his authority. Despite plaintiff's assertions that Mr. Kellar failed to fulfill a constitutionally mandated duty, plaintiff does not identify any steps that Mr. Kellar could have taken to accelerate the process, given the requirement indicated above. The Court agrees with the Recommendation that plaintiff has failed to raise a genuine issue of material fact about Mr. Kellar's lack of personal participation regarding plaintiff's Eighth Amendment claim concerning the cataract surgery.

Plaintiff further argues that Mr. Kellar violated the Eighth Amendment by continuing plaintiff's prescription for steroids, despite a known link between steroids and cataract formation. Docket No. 97 at 4. In support of this argument, plaintiff cites the declaration of ophthalmologist Steven Clough: "[M]y clinical assessment and diagnosis for Mr. Ervin involved bilateral ocular cataract formation. These types of cataracts (PSC- Posterior Subcapsular Cataract) often develop in response to systemic steroid use for which he has a medical history of using steroid inhalers." *Id*. (citing Docket No. 88-1 at 5, ¶ 17). There is no other evidence regarding the relative risks and benefits of the decision to continue plaintiff on a steroid inhaler, such as evidence of the severity of plaintiff's COPD, the immediate and long-term risks that both COPD and cataracts

posed to his health, the availability of other COPD treatments, or the extent to which steroid use played a part in the development of Mr. Ervin's cataracts.

On this record, a reasonable juror could not conclude that Mr. Kellar was negligent in continuing the prescription, let alone that he violated plaintiff's Eighth Amendment rights. See Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation."); Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005) ("[T]he medical judgment of the physician, even if grossly negligent, is not subject to second-guessing in the guise of an Eighth Amendment claim.").

Finally, plaintiff requests that the Court serve defendants Wilson and Gregory. Docket No. 97 at 9. Although this request was not made in compliance with the Local Rules, see D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate document."), in light of plaintiff's pro se status, the Court will analyze the request.

The record indicates that defendant Wilson no longer works for the BOP and plaintiff does not provide an alternative address where he may be served. See Docket No. 23; see Barksdale v. Connaghan, No. 10-cv-02491-CMA-CBS, 2012 WL 6770883, at *10 (D. Colo. Dec. 10, 2012) ("[n]either the U.S. Marshal nor the Clerk of the Court are required to search for [a defendant who] cannot be served . . . at the addresses on record with the court") (internal citation omitted). Accordingly, plaintiff's request to serve defendant Wilson will be denied. The operative complaint specifies an address for Mr. Gregory in Kansas City, Kansas. Docket No. 39 at 2, ¶ 4. Plaintiff's request for the United States Marshals to effect service on Ms. Gregory will be granted.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 95] is ACCEPTED.  It is further

**ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 88] filed by defendant Kellar is GRANTED.  Plaintiff Bruce Ervin's Eighth Amendment claim against defendant Kellar is DISMISSED.  It is further

**ORDERED** that plaintiff's claims against defendants Wilson, D.C. and Five John Does are DISMISSED without prejudice for failure to serve pursuant to Federal Rule of Civil Procedure 4(m).  It is further

**ORDERED** that the United States Marshal's Service shall serve the Summons and Amended Complaint [Docket No. 39] on defendant Lisa Gregory, Regional Medical Director, North Central Region of the Federal Bureau of Prisons, 400 State Avenue, Kansas City, KS 66102-2492, or, in the alternative, if service is not possible, file proof of inability to serve defendant Gregory on or before **October 23, 2014**.

DATED September 23, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge