IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02602-PAB-MEH

BRUCE ERVIN,

    Plaintiff,

v.

HEALTH SERVICES ADMINISTRATOR KELLER and
LISA GREGORY,

    Defendants.

_____

**ORDER**
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge Michael E. Hegarty (the "Recommendation") filed on August 13, 2014 [Docket No. 109]. The magistrate judge recommends that the Court deny plaintiff's Second Motion for Leave to File Second Amended Complaint [Docket No. 103]. Plaintiff filed his objections on September 2, 2014.

    The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those

findings"). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

## I. ANALYSIS

Plaintiff is an inmate incarcerated at the Federal Prison Camp in Florence, Colorado ("FPC"). Docket No. 99-1 at 1. Plaintiff's motion seeks to substitute six defendants for the John Doe defendants named in the first amended complaint: defendants Pierce, Maye, Ramirez, Sharpaugh, and Maldonado (collectively, the "Texas defendants"), and defendant Berkebile (collectively with the Texas defendants, the "proposed defendants"). Docket No. 103 at 3-6. Additional relevant facts are set forth in detail in the Recommendation, *see* Docket No. 109 at 2-4, and will not be recited here except as relevant to the Court's de novo review.

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its complaint as a matter of course within twenty-one days after service of the complaint, or twenty-one days after service of a responsive pleading or service of a Rule 12 motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 instructs courts to "freely give leave [to amend] when justice so requires." *Id.* Nevertheless, denying leave to amend is justified if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in

bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). As a general rule, the Court retains the discretion to permit such amendments. *Minter v. Prime Equip. Co.* 451 F.3d 1196, 1201 (10th Cir. 2006). The Court must delineate its rationale if it refuses leave to amend. *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

The magistrate judge recommended that the Court deny leave to amend on the grounds that (1) amendment would be futile because plaintiff has not met his burden of showing that the Court has personal jurisdiction over the Texas defendants, Docket No. 109 at 6-11, (2) amendment would be futile because plaintiff's claims against defendants Maye, Sharpaugh, and Maldonado are barred by the applicable two-year statute of limitations, *id.* at 14, (3) plaintiff unduly delayed in naming the proposed defendants, *id.* at 14-15, and (4) granting leave to amend would cause undue prejudice to defendant Kellar, whose dispositive motion has already been granted. *Id.* at 15-16.[1]

### A. Personal Jurisdiction

Plaintiff objects to the Recommendation's finding that plaintiff did not meet his burden of showing that the Court has personal jurisdiction over the Texas defendants. *See* Docket No. 110 at 1-18.

Plaintiff bears the burden of establishing personal jurisdiction over defendants. See *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). A plaintiff can satisfy this burden by making a prima facie showing of personal jurisdiction. *Dudnikov*

---

[1]At the time the Recommendation was filed, defendant Kellar's motion for summary judgment (Docket No. 88) remained pending. The Court granted defendant Kellar's motion for summary judgment on September 23, 2014. Docket No. 111.

*v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  The Court will accept the well-pleaded allegations of the complaint as true to determine whether plaintiff has made a prima facie showing that personal jurisdiction exists.  *AST Sports Science, Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008).  If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further.  *Id.*  The plaintiff, however, may also make this prima facie showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant.  *Dudnikov*, 514 F.3d at 1070.  "[A]ny factual disputes . . . must be resolved in plaintiffs' favor."  *Id.*

Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) "whether the applicable statute potentially confers jurisdiction" by authorizing service of process on the defendant and (2) "whether the exercise of jurisdiction comports with due process."  *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (citations and quotation omitted).  The statute that governs plaintiff's claims, 42 U.S.C. § 1983, does not authorize nationwide service of process.  *Id.*  Accordingly, the Court may assert personal jurisdiction "to the extent allowed by the state in which the district court sits."  *SCC Commc'ns Corp. v. Anderson*, 195 F. Supp. 2d 1257, 1259-60 (D. Colo. 2002). Colorado's long arm statute "confer[s] the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions."  *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005) (en banc) (citing Colo. Rev. Stat. § 13-1-124(1)).

The exercise of jurisdiction over a nonresident defendant comports with due process "so long as there exist minimum contacts between the defendant and the forum State." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citing *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000)). The minimum contacts necessary for specific personal jurisdiction may be established where "the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum." *Id.* at 1218 (quotation and citations omitted).

### 1. *General Jurisdiction*

"[A] court may maintain general jurisdiction over a nonresident defendant, based on the defendant's 'continuous and systematic' general business contacts with the forum state." *Trujillo*, 465 F.3d at 1218, n. 7 (citation omitted). Plaintiff argues that the Recommendation's finding that the Court does not have general jurisdiction over the Texas defendants would force plaintiff to maintain separate lawsuits in Colorado and Texas. Docket No. 110 at 5. Plaintiff, however, does not argue that any of the Texas defendants have continuous and systematic contact with the state of Colorado. While plaintiff may find it inconvenient to litigate his claims in two forums, the Court is not permitted to restrict the scope of due process protection for plaintiff's convenience. The Court finds that plaintiff has not alleged any facts that support a finding that the Texas defendants have continuous and systematic contacts with the state of Colorado. Thus, the Court finds no error in this aspect of the Recommendation.

### *2. Specific Jurisdiction*

The minimum contacts necessary for specific personal jurisdiction may be established where "the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum." *Trujillo*, 465 F.3d at 1218 (quotation and citations omitted).

Plaintiff argues that the Court has specific personal jurisdiction over the Texas defendants because those defendants purposefully initiated plaintiff's transfer to Colorado to deprive him of an approved and medically necessary surgical procedure. Docket No. 110 at 6. The Court finds that plaintiff has made a prima facie showing of specific jurisdiction with respect to defendant Ramirez. In the proposed Second Amended Complaint, plaintiff alleges that defendant Ramirez initiated plaintiff's transfer from Texas to Colorado. Docket No. 99-1 at 7. Plaintiff further alleges that defendant Ramirez knew that plaintiff's eye surgery, which had been approved in Texas, would not go forward after plaintiff's transfer to Colorado and that defendant Ramirez's decision to initiate plaintiff's transfer was motivated by a desire to deprive plaintiff of this necessary surgery. *Id.*

The Court finds that plaintiff's allegations, taken as true, support a finding that the Court has specific jurisdiction over defendant Ramirez. On similar facts, the First Circuit found that an inmate plaintiff who alleged that a prison official transferred him from Pennsylvania to Massachusetts in retaliation for the plaintiff's frequent litigation had "established the requisite minimum contacts necessary to satisfy due process." *Hannon v. Beard*, 524 F.3d 275, 284 (1st Cir. 2008). The *Hannon* court reasoned that

an official who initiates a transfer "arguably . . . benefitted from subjecting [plaintiff] to Massachusetts prisons and Massachusetts law by ridding himself of a troublemaker." *Id.* at 284. The court further found that, if the plaintiff's allegations were true and the transfer was made for unconstitutional reasons, it would be foreseeable for the inmate to sue the official in the state to which he was transferred. Here, as in *Hannon*, if defendant Ramirez transferred plaintiff in order to deprive him of an approved surgery, such an action would constitute a purposeful availment of the privilege of conducting business in Colorado. Moreover, weighing the factors outlined in *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735 (10th Cir. 2011),[2] exercising personal jurisdiction over defendant Ramirez would not offend traditional notions of fair play and substantial justice. The plaintiff's interest in bringing this action in the state in which he is located and Colorado's interest in ensuring that out of state officials are not transferring federal inmates to facilities located in Colorado in violation of those inmates' constitutional rights outweighs any burden on defendant Ramirez.

As for the remaining Texas defendants, the Court finds that plaintiff has not met his burden of establishing that they have sufficient minimum contacts with Colorado. With respect to defendant Pierce, plaintiff alleges only that he failed to take affirmative steps to intervene and stop plaintiff's transfer and that he informed plaintiff that his medical needs would be taken care of in his new facility post-transfer. Docket No. 99-1

---

[2]The five factors outlined in *ClearOne* are: "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies." 643 F.3d at 764.

at 5-6. With respect to defendants Maye and Maldonado, plaintiff's allegations concern denial of medical treatment while plaintiff was incarcerated in Texas. *See id.* at 6, 8. As for defendant Sharpaugh, plaintiff alleges that he failed to provide adequate medical care while plaintiff was incarcerated in Texas and that he did not place plaintiff on a medical hold to ensure that plaintiff could undergo eye surgery in Texas. *Id.* at 7-8. The Court agrees with the Recommendation that plaintiff's allegations against defendants Pierce, May, Maldonado, and Sharpaugh complain of conduct that occurred entirely in Texas and that was not directed to Colorado. *See* Docket No. 109 at 11. Plaintiff does not allege that any of these defendants initiated his transfer or otherwise directed any activity at the state of Colorado.

Plaintiff also asserts that all of the Texas defendants "confederated" to organize plaintiff's transfer. Docket No. 99-1 at 6, 7. The Court, construing plaintiff's allegations liberally, interprets plaintiff's references to this confederation as a claim that the Texas defendants entered into a conspiracy to deprive plaintiff of his constitutional rights. The Tenth Circuit has recognized that "[t]he existence of a conspiracy and acts of a co-conspirator within the forum may, in some cases, subject another co-conspirator to the forum's jurisdiction." *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1069 (10th Cir. 2007) (citing *Lolavar v. de Santibanes*, 430 F.3d 221, 229 (4th Cir. 2005)). Even construing plaintiff's allegations as a claim of conspiracy, however, the Court finds that plaintiff has not pled sufficient facts for the Court to find personal jurisdiction over the remaining Texas defendants. "In order for personal jurisdiction based on a conspiracy theory to exist, the plaintiff must offer more than 'bare allegations' that a conspiracy existed, and

must allege facts that would support a prima facie showing of a conspiracy." *Melea,* 511 F.3d at 1069. To state a Section 1983 conspiracy claim, a plaintiff must demonstrate that the alleged conspirators had a meeting of the minds and engaged in concerted action to violate the plaintiff's constitutional rights. *Gallegos v. City & Cnty. of Denver*, 984 F.2d 358, 364 (10th Cir. 1993). Moreover, a plaintiff must provide sufficient facts to support the inference that some prearranged plan or joint action existed between the conspirators to engage in all of the alleged conspiratorial activities. *Hunt v. Bennett*, 17 F.3d 1263, 1266 (D. Colo. 1994); *accord Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) (noting that "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action"). Here, plaintiff provides no more than bare allegations of conspiracy. *See* Docket No. 99-1 at 6 (alleging that defendant Pierce refused to halt plaintiff's transfer "in deference to being loyal to the unjustified confederation and combination of Bureau employees"), 7 (alleging that the Texas defendants "confederated and combined to orchestrate Plaintiff's removal from the South Central Region"). These allegations are insufficient for the Court to exercise specific jurisdiction over defendants Pierce, Maye, Maldonado, and Sharpaugh under a conspiracy theory of personal jurisdiction.[3]

---

[3]Because the Court finds that it does not have personal jurisdiction over defendants Maye, Sharpaugh, and Maldonado, the Court does not address the Recommendation's holding that plaintiff's claims against those defendants are barred by the statute of limitations.

### B.  Undue Delay

Plaintiff objects to the Recommendation's finding that plaintiff's motion was untimely.  Plaintiff argues that he did not delay in moving to file his proposed Second Amended Complaint and that his incarceration prohibited him from learning the identity of the proposed defendants.  Docket No. 110 at 24-25.  Denial of leave to amend based on delay is appropriate "when the party filing the motion has no adequate explanation for the delay."  *Minter*, 451 F.3d at 1206.

The Court finds that plaintiff has not provided an adequate explanation for his delay that would justify the filing of an amended complaint months after the January 2014 close of discovery.  Plaintiff offers no explanation for his failure to name defendant Berkebile, who works at the FPC, in a timely manner.  As for the Texas defendants, plaintiff's only proffered explanation is that he recently learned the identities of the defendants and that it was difficult for him to discover facts necessary to support the allegations in the Second Amended Complaint from prison.  Docket No. 103 at 1-2; *see also* Docket No. 110 at 25.  Plaintiff, however, gives no explanation of how he discovered the identities of the proposed defendants, no description of earlier unsuccessful attempts to discover them, and no examples of how his status as an inmate prevented him from learning their identities during the course of discovery in this action.  Granting leave to amend at this late stage of the litigation would effectively allow plaintiff to re-start this litigation against a new set of defendants after his claims have already been resolved.  Moreover, accepting plaintiff's justification for this delay would be tantamount to holding that an inmate plaintiff's right to amend a complaint to add additional allegations or parties is virtually unlimited based solely on his status as a

prisoner. The Court declines to reach such a broad holding, and finds no error in the Recommendation's holding that plaintiff's undue delay in filing his proposed Second Amended Complaint is grounds to deny plaintiff's motion.[4]

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 109] is **ACCEPTED IN PART**. It is further

**ORDERED** that plaintiff's Second Motion for Leave to File Second Amended Complaint [Docket No. 103] is **DENIED**.

DATED February 25, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[4] Plaintiff also objects to the Recommendation's finding that granting leave to amend would be prejudicial to defendant Kellar, whose motion for summary judgment was pending at the time the Recommendation issued. That motion was since granted, and plaintiff's claim against defendant Kellar was dismissed. Docket No. 111. The proposed Second Amended Complaint merely restates the same claims against defendant Kellar that have already been dismissed. *See* Docket No. 99-1 at 3. As such, this aspect of the Recommendation is moot.